614 So.2d 358 (1993)
Juanita RICE, Plaintiff-Appellant,
v.
AT & T and Travelers Insurance Company, Defendants-Appellees.
No. 24466-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Order Granting Rehearing March 25, 1993.
Whitmeyer, Fischer & McMahon by Timothy R. Fischer, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Robert A. Dunkleman, Shreveport, for defendants-appellees.
Before SEXTON, NORRIS and VICTORY, JJ.
SEXTON, Judge.
The plaintiff, Juanita Rice, appeals the judgment of the administrative hearing officer which rejected her claim against her employer, the defendant, AT & T, for a payment of worker's compensation benefits. We reverse and render judgment for plaintiff.
On March 27, 1990, plaintiff was working on the assembly line at AT & T installing parts in cable telephones. The plaintiff attempted to push her chair closer to the assembly line, while at the same time twisting and turning to reach the parts to be installed on the telephones. Plaintiff testified that as a result of the described movement she felt a tightness in her back, radiating down into her right leg, causing her leg to go numb.
*359 Plaintiff had a history of back troubles stemming from at least 1972. In July 1989, plaintiff had surgery to remove a ruptured disc at the L4-L5 level. After rehabilitation, plaintiff returned to work at AT & T in February 1990, working four hours a day. By the date of the accident, plaintiff was working six hours a day earning $9.82 an hour.
Following the March 27, 1990, incident, plaintiff again sought medical treatment. She telephoned for a medical appointment the following day and was seen by doctors on March 29. Dr. Austin Gleason, plaintiff's treating physician, found plaintiff had "a large recurrent disc" at the L4-L5 level based on an MRI examination performed on April 5, 1990. Based on Dr. Gleason's findings and the history presented by plaintiff, Dr. Gleason was of the opinion that the plaintiff had reinjured herself or suffered a second injury on March 27, 1990. He opined that this injury stemmed from a preexisting degenerative spinal condition.
The issue at trial, as it is on appeal, is whether the plaintiff suffered a compensable "accident" on March 27. The administrative hearing officer initially rendered judgment for the plaintiff finding that she had injured herself while trying to push herself closer to her work station. The hearing officer concluded plaintiff's injuries were "job-related." Defendant was ordered to pay plaintiff $261.87 per week in temporary total disability benefits from March 27, 1990, until plaintiff has been offered rehabilitation services, which services were to be promptly offered and that temporary total disability benefits would be continued during such rehabilitation services. Defendant was further ordered to pay interest, together with a 12 percent penalty on all past due amounts, plus past and future medical expenses related to the accident.
Defendant then filed a motion for new trial. The hearing officer granted the motion for new trial "as to reargument only," rescinded the previous judgment in favor of plaintiff, and issued a second judgment in favor of defendant dismissing plaintiff's claim with prejudice. Plaintiff appeals this second judgment.
The hearing officer's initial judgment indicates the implicit acceptance of the plaintiff's testimony regarding the March 27 incident. The rescission of that judgment and its replacement by a judgment in favor of the defendant would appear not to be a modification of the hearing officer's factual determinations, but rather a reconsideration of the hearing officer's legal conclusion as to whether those accepted facts constituted an accident within the scope of the worker's compensation laws.
An accident for purposes of worker's compensation is defined in LSA-R.S. 23:1021(1):
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
This definition is the result of an amendment to the statute by Louisiana Acts 1989, No. 454, § 1. The statute had previously provided:
"Accident" means an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.
Taking plaintiff's testimony as true,[1] as the hearing officer obviously did, the injury to plaintiff's back occurred unexpectedly, suddenly, and precipitously through an actual identifiable event. However, presumably due to the plaintiff's weakened back, this event occurred within the routine context of plaintiff's employment. Defendant argues that the incident giving rise to plaintiff's injuries was of such a minor nature that it must be considered a gradual deterioration or progressive degeneration and not an accident.
Thus, the issue ultimately becomes whether the legislature, through the 1989 *360 amendment, where a degenerative condition is involved, intended to provide compensation only for an accident caused by an extraordinary exertion, over and above the routine tasks of employment, or whether it also intended to include compensation for an incident such as the instant one where a relatively minor occurrence produced an objective indication of injury.
We conclude that where a worker suffers from a gradually deteriorating or progressively degenerative condition, the legislature did not intend to limit the definition of accident to only extraordinary exertions. We note that Louisiana Acts 1989 No. 454, § 1 also amended LSA-R.S. 23:1021(7)(e) to provide:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
Thus, in defining an accident in the case of heart-related or perivascular injuries, the legislature consciously opted to require heightened physical work stress requirements. Clearly, in the definition of an accident involving a gradually deteriorated or progressively degenerative condition, the legislature could also have required that the physical work stress precipitating the accident be "extraordinary and unusual" and be "the predominant and major cause" of the injury, as the legislature opted to do in the same legislation for heart-related or perivascular injuries.
Our position that the March 27, 1990, event constituted an accident is supported by the decision in Dyson v. State Employees Group Benefits Program, 610 So.2d 953 (La.App. 1st Cir.1992). In that case, the First Circuit had occasion to examine the recent amendment to the definition of accident. There, the plaintiff was a clerk whose job required her to stand all day making copies at a photocopier. After approximately one month performing this duty, plaintiff began feeling very light pain in her feet. Two months later, plaintiff testified that she felt a very sharp pain shoot through her feet as she turned to pick up an unusually large bundle of copies.[2] The plaintiff was diagnosed with plantar fasciitis, an inflammation in the heel. Plantar fasciitis was described as a cumulative trauma disorder, commonly found in persons who, like the plaintiff, are overweight, flat-footed, and are required to stand for prolonged periods of time. Notwithstanding that the root cause of the injury was cumulative trauma, the First Circuit found an accident had nevertheless occurred, finding the event giving rise to the injury to have been the turning or pivoting described by plaintiff.
We would be remiss if we did not note that in Dyson the First Circuit stated that the amendment to LSA-R.S. 23:1021(1) did not intend to exclude from worker's compensation benefits those persons who are gradually worn down and thereby disabled by their work, rather than immediately crippled by it. According to the Dyson opinion, cases suggesting otherwise are not to be followed. Specifically cited as such a case is this court's opinion in Nelson v. Roadway Express, Inc., 573 So.2d 591, 595 n. 3 (La.App.2d Cir.1991), reversed on other grounds, 588 So.2d 350 (La.1991).
*361 We reaffirm our conclusion, expressed in the Nelson footnote, that the amendment to the definition of accident was clearly intended to reverse the jurisprudential trend of permitting coverage for disability that did not fit the prior statutory definition of accident. Accord 13 W. Malone and H.A. Johnson, Louisiana Civil Law Treatise, "Worker's Compensation" § 216 at 76 (Supp.1992). The nature and extent of this prior jurisprudential trend was documented in McCoy v. Kroger Company, 431 So.2d 824, 829-30 (La.App.2d Cir.1983), where we stated:
We suggest that a compensation scheme that compensates an employee because his degenerative condition suddenly collapses from the continual strain, trauma or exposure in his work place, but does not compensate the employee whose condition deteriorates over a period of time to the extent he cannot work, but does not actually suffer a "collapse", is logically inconsistent.
The 1989 amendment to LSA-R.S. 23:1021(1) requiring that the injury be more than a gradual deterioration or progressive degeneration has adopted the inconsistency noted in McCoy.[3] However, a comparison of the statute before and after the amendment leads us to the conclusion that the term accident now includes a weakened condition which collapses due to a precipitous event, but does not include a weakened condition which gradually degenerates over time. For purposes of the instant case, the key requirement under the amended definition of accident is that the event directly produced sudden objective findings of an injury rather than being merely a manifestation of a gradual deterioration or progressive degeneration.
In the instant case, as in Dyson, but unlike in McCoy, the incident constituted an accident under the current definition. The March 27, 1990, incident was an unexpected or unforeseen actual, identifiable, precipitous event which happened suddenly and directly produced objective findings of an injury which was more than simply a gradual deterioration or progressive degeneration. The event directly produced back pain and tightness and a numbness in plaintiff's leg, determined by an MRI a week later to be a recurrent disc injury. These injuries, although caused by a rather routine task on an already weakened back, were clearly more than simply a gradual deterioration or a progressive degeneration.
Accordingly, for the above and foregoing reasons, the judgment appealed from, dated February 12, 1992, is reversed. It is hereby ordered, adjudged, and decreed that the judgment of December 13, 1991, in favor of plaintiff is reinstated. All costs of this appeal are assessed to defendant.
REVERSED AND RENDERED.
Before MARVIN, SEXTON, NORRIS, LINDSAY and VICTORY, JJ.

ON REHEARING
PER CURIAM.
As the principal issue here is a close and difficult one, we find merit in defendant's contention on rehearing that the statutory penalties of LSA-R.S. 23:1201E should not be awarded to plaintiff because the employee's right to these benefits was reasonably controverted by the defendant employer.
We will amend the original opinion herein to delete from the judgment of December 13, 1991 (which was reinstated in our opinion) the award of penalties equal to 12 percent of all past-due amounts. Therefore, the phrase "together with a penalty equal to 12% of all past-due amounts" in the third substantive paragraph of page three of the December 13, 1991 judgment is deleted.
In all other respects, the original opinion is maintained.
NOTES
[1] Dr. Gleason's testimony is corroborative of that of the plaintiff.
[2] We note that the unusually large bundle of copies may have constituted an extraordinary event which might have unambiguously constituted an accident. However, the First Circuit clearly noted that the plaintiff testified that the weight of the copies did not contribute to the accident. The First Circuit instead resolved the case in the same way we resolve the instant case.
[3] Obviously in this respect, as well as in a number of other respects in the 1989 amendments, the legislature was endeavoring to reverse years of jurisprudential liberalization of the worker's compensation law and reduce the circumstances which amounted to an accident under that law. This is clearly a legislative prerogative.