JJDECUIR, Judge.
In this worker’s compensation case, the claimant, John Benjamin, appeals a judgment of the workers’ compensation judge dismissing his claim against his employer Macro Oil, Inc. For the reasons that follow, we affirm.
FACTS
On June 11, 1994, Benjamin, while in the course and scope of his employment as a cashier/cook for Macro Oil, Inc., lifted a trash receptacle in order to empty it into a dumpster. The trash receptacle was a fifty-five gallon drum which had been cut in half. Benjamin alleges that when he lifted the barrel he heard a popping sound in his 12back and was unable to complete the dumping of the barrel. However, he does not recall feeling any pain. He then went into the store and asked his assistant manager to assist him in emptying the barrel. After they emptied the barrel he completed his shift and went home and slept. The next day he went to the emergency room complaining of back pain. Benjamin was subsequently diagnosed with a herniated disc. Were this the entire story it might appear that the workers’ compensation judge’s judgment was erroneous.
It is not the entire story. Benjamin is a rather obese individual with a history of alcohol and drug abuse. He also suffered two previous accidents while working for his stepfather. In the first, he told two former co-workers that he had fallen off an eighty foot ladder while painting for his stepfather. When challenged by one co-worker he acknowledged that the ladder was only eight feet. In the second and more important incident, he injured his back while emptying a goldfish pond for his stepfather. He sought treatment for that injury on June 2, 1994. During that visit he indicated that he was a veteran and attributed his pain to arthritis which he had received treatment for at the VA hospital in Alexandria. He indicated that he had experienced back trouble for about eight years. He was scheduled for X-rays and given pain medication and muscle relaxers and excused from work for 2-3 days. When he returned he was placed on light duty status. Shortly thereafter he was involved in the unwitnessed accident at issue in this case. Macro Oil has paid no worker’s compensation benefits. Benjamin has attended USL full-time and done some part-time work at a pawn shop since the alleged accident.
Prior to trial, Benjamin approached several witnesses and indicated that they had better not lie about the incident when questioned. In addition, he told one former coworker that he was going to make Macro eat s — t and that he had hired a bad assed lawyer and was going to get all he could from Macro.
IsThe workers’ compensation judge found that Benjamin had failed to establish a work- *917 related injury and, therefore, dismissed his claim with prejudice. Benjamin lodged this appeal alleging that the workers’ compensation judge erred in dismissing his claim and in failing to award penalties and attorney fees.
DISCUSSION
An appellate court may not disturb a trial court’s evaluation of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In worker’s compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work accident. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The injured employee’s testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee’s version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). If the employee’s testimony contains inconsistencies and discrepancies, then the injured employee’s testimony alone will not be enough to prove his injury occurred on the job. Harris v. General Motors, 577 So.2d 1160 (La.App. 2 Cir.1991).
An injured worker’s disability is presumed to have resulted from an accident, if before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the ease, raises a natural inference through human experience of such a causal connection. Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985).
LBenjamin alleges that the trial court erred in dismissing his case because it made numerous factual findings contrary to the evidence. We disagree.
Benjamin notes that the workers’ compensation judge found his testimony lacked credibility because it was contradicted by the testimony of other employees and not corroborated by dreumstanees following the incident. Specifically, Benjamin refers to testimony regarding his recovery from the prior injury. He claims that the workers’ compensation judge erroneously points to testimony that he grimaced and moved as if in pain prior to the alleged accident. This argument is of no moment. Regardless of the testimony of co-workers, the fact that Benjamin remained on light duty status and still had follow up X-rays scheduled for the June injury are both inconsistent with his assertion that he had fully recovered. In addition, he claims to have felt no pain at the time of the alleged accident but his assistant manager indicated that he acted hurt for her benefit. This too, appears to be inconsistent. Furthermore, Benjamin’s comments regarding ongoing arthritis pain during the June 2, 1994 emergency room incident also appear inconsistent with his assertion that he had fully recovered.
Benjamin also disputes that the emergency room statements were properly interpreted. He claims that the workers’ compensation judge substituted her interpretation which was not accurate. However, our review of the record reveals that the treating doctor gave the same explanation of the medical records and, in addition, noted concern that Benjamin failed to keep an orthopedic appointment and was returning to the emergency room seeking specific narcotic medications.
The record taken as a whole raises numerous questions regarding Benjamin’s credibility. He is a recovering drug abuser seeking specific named narcotics from the ER. He was demonstrated to embellish stories relating to past injuries. He has a history which includes jail time for bad check-related charges. He was demonstrated |5to be hostile toward his former employer and took action that could be interpreted as an attempt to influence witnesses. His stepfather would not corroborate the incidents recounted by Benjamin. He has continued in school full-time and worked another job. Under *918 these circumstances we cannot say the workers’ compensation judge’s credibility evaluation of Benjamin was manifestly erroneous.
In addition, the record indicates in at least two respects that Benjamin was not in good health at the time of the alleged accident. His medical history given to the ER personnel and his fishpond injury support this conclusion. Accordingly, Benjamin was not entitled to the presumption that his injury occurred as a result of a job accident. Without that presumption, we cannot say that the workers’ compensation judge’s determination that Benjamin failed to prove an injury caused by a job accident is manifestly erroneous.
Benjamin’s next assignment alleges the workers’ compensation judge erred in failing to award penalties and attorney fees. Because Benjamin failed to establish an on the job injury, this assignment lacks merit.
CONCLUSION
For the foregoing reasons the judgment of the workers’ compensation judge is affirmed in all respects. All costs of this appeal are taxed to John Benjamin.
AFFIRMED.