793 So.2d 526 (2001)
Michael BUXTON, Plaintiff-Appellant,
v.
SUNLAND CONSTRUCTION, Defendant-Appellee.
No. 34,995-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*528 McKeithen, Ryland & Champagne by Louis V. Champagne, Columbia, Rebel G. Ryland, Tonya Courson Culp, Sonny N. Stephens, Winnsboro, Counsel for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner by Walter S. Salley, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, J.
The plaintiff, Michael Buxton, appeals a decision by a workers' compensation judge *529 (WCJ) denying his claim for workers' compensation benefits. The WCJ found that the plaintiff failed to prove a work-related accident or injury, citing the plaintiff's failure to notify his employer or his physician that he had an alleged work-related injury, and his failure to identify exactly when the alleged injury occurred. For the following reasons, we affirm.

FACTS
The plaintiff was employed in May 1998 as a pipeline construction worker with Sunland Construction, Inc. He claims that on August 12, 1998, he injured his left arm while picking up skids and loading them onto a winch truck. The skids were pieces of wood weighing up to 50 pounds which were used to stack pipe. He asserted that he reported the injury to a co-worker and that he sought medical treatment on August 17, 1998. The plaintiff filed a disputed claim for compensation on February 3, 1999, complaining that the defendant failed to pay weekly compensation benefits or medical expenses. He sought to recover those benefits as well as penalties, interest and attorney fees.
Trial on the matter was held on March 16, 2000. The plaintiff gave somewhat confusing testimony as to what took place. He testified that he did not remember the exact date that he hurt his arm. He contended that it just progressively worsened until he could no longer work. The plaintiff stated that his alleged injury did not happen on a particular day, but simply developed over time. He claimed that he told a co-worker, Steve Grant, about the problem and that he thought it was Mr. Grant's duty to file a report. The plaintiff stated that he did not personally report a work-related accident or injury to the company's safety manager, Kevin Matthews. The plaintiff clarified that he had previously had "tennis elbow" whereas in the present case he had pain on the inside of his elbow. Work was stopped for a few days due to rain and when his arm did not improve, he took off work to seek medical treatment. He went to Dr. Ralph Abraham and thought that he told the doctor's bookkeeper or secretary that this was a work-related injury. He explained that he got a note from Dr. Abraham to be off work for a couple of weeks, but was not given any work restrictions. When the plaintiff went back to the company, he claimed that he was told that he was no longer needed.
Several months later, he saw Dr. Brian Bulloch who diagnosed him with musculotendinous strain of the distal biceps and recommended physical therapy. The plaintiff stated he attended physical therapy for about two weeks.
The plaintiff admitted that a safety meeting was held every Monday and at the August 17, 1998 safety meeting, he signed a statement indicating that he had not been involved in a work-related accident or injury. He claimed that he signed the statement but did not read it. At trial the plaintiff testified that he reported the problem with his arm to a co-worker before they ceased work for a few days due to a rain-out. However, in a deposition the plaintiff said that he made the complaint after the rain-out.
Arnola Matthews, the company's office manager, testified that the plaintiff actually quit his job on August 18, 1998, saying that he needed to take care of a problem with his arm. Ms. Matthews asked the plaintiff if he filled out an accident report. The plaintiff answered that he had not because his arm problem was not related to his job, but rather was something that he already had.
Kevin Matthews, the field safety representative with the company, testified that the plaintiff was informed of the proper *530 procedures for reporting a work-related accident or injury. He stated that he was informed that the plaintiff did not report to work because his arm was hurting. The plaintiff brought his medical bills to the office for payment. Mr. Matthews called the plaintiffs doctor to make inquiries and was told that the arm problem was not work-related. At that point, the plaintiff refused to see the company's doctor. The plaintiff also rejected filling out an accident report, explaining at the hearing that he could not spell well enough to complete the form. Mr. Matthews testified that, as the company field representative, he frequently saw the plaintiff at work and the plaintiff never told him that he had sustained a job-related accident or injury. According to Mr. Matthews, he only had notice that the plaintiff was claiming a work-related accident or injury when he was contacted by an attorney for the plaintiff.
On May 8, 2000, the WCJ read reasons for judgment into the record finding that the plaintiff failed to prove that he sustained a work-related accident or injury. The WCJ noted that the plaintiff stated that he began having pain in his left arm a few days prior to August 12, 1998, and that the pain increased to the point of requiring medical attention on August 19, 1998. The plaintiff also stated that the pain appeared over the course of two to three weeks. The WCJ concluded that the plaintiff failed to meet his burden of showing a work-related accident. The accident was unwitnessed. Although the plaintiff claimed that he told a co-worker about the accident, the WCJ found that the co-worker did not corroborate a contemporaneous complaint of an accident. The WCJ also found that the plaintiff was aware of the procedures for reporting a work-related accident and he failed to comply. On August 18, 1998, when he requested time off to go to the doctor with his arm, he was asked whether he needed to file an accident report. The plaintiff indicated that filing a report would not be necessary because there was no accident. Further, the plaintiff had previous problems with his left elbow, but never told anyone that this was a reinjury of a previous problem. According to the WCJ, when the plaintiff saw his physician, he did not claim that he had sustained a work-related injury. The WCJ concluded that there was reason to reject the claimant's version of the accident and his claim for benefits was denied. A judgment to that effect was signed on May 22, 2000. The plaintiff appealed the judgment.

LEGAL PRINCIPLES
Workers' compensation benefits are available for claimants who suffer personal injury by accident arising out of and in the course of employment. La. R.S. 23:1031(A). An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than a gradual deterioration or progressive degeneration. La. R.S. 23:1021(1).
Although La. R.S. 23:1021(1) defines "accident" to encompass a weakened condition which collapses due to a precipitous event, that definition does not include a weakened condition which gradually deteriorates over time. The key requirement is that a precipitous event directly produce sudden objective findings of an injury rather than a mere manifestation of a gradual deterioration or progressive deterioration. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992); Jones v. AT & T, 28,059 (La.App.2d Cir.2/28/96), 669 So.2d 696.
*531 It is a well-settled legal principle that the factual findings in workers' compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. The trier of fact's factual determinations shall not be disturbed in the absence of a showing of manifest error. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Therefore, the appellate standard of review applicable to the findings of a WCJ is the manifest errorclearly wrong test. Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993).
The plaintiff in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert International Inc., supra; Shelton v. Wall, supra. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. In order for the employee to recover, it must be determined that his employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. Shelton v. Wall, supra; Durham v. Plum Creek Manufacturing, 32,888 (La.App.2d Cir.5/10/00), 760 So.2d 564. The claimant does not necessarily have to establish the exact cause of the disability, but he must demonstrate by a preponderance of the evidence that the accident had a causal connection with it. Nunn v. CBC Services, Inc., 32,491 (La.App.2d Cir.1/26/00), 750 So.2d 474.
In determining whether the worker has discharged the burden of proof, the trier of fact should accept as true a witness' uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony. An accident at work may be proven by a claimant's uncontradicted testimony corroborated by the medical evidence. Thus, a worker's testimony alone may be sufficient to discharge this burden of proof provided that two essential elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Such corroboration, of course, may include medical evidence and the testimony of fellow workers, spouses, or friends. Bruno v. Harbert International Inc. supra. Delay in giving notice of injury shall not be a bar to recovery if it is shown that the employer has not been prejudiced by such a delay. Holcomb v. Bossier City Police Department, 27,095 (La.App.2d Cir.8/25/95), 660 So.2d 199.
Where objective evidence so contradicts an employee's testimony, or the testimony is so internally inconsistent or implausible on its face that a reasonable fact finder would discredit the story, a reviewing court may well find manifest error or clear wrongness even in a credibility determination. Sisk v. Martin Specialty Coatings, 28,592 (La.App.2d Cir.8/21/96), 679 So.2d 569, writ denied, 96-2328 (La.11/22/96), 683 So.2d 281. If the evidence is evenly balanced or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation or conjecture, then the claimant fails to carry the burden of proof. Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991).
The trier of fact's determinations as to whether the worker's testimony is *532 credible and whether the worker discharged the burden of proof are factual determinations, not to be disturbed upon review unless clearly wrong. Bruno v. Harbert International Inc., supra; Shelton v. Wall, supra.

PROOF OF ACCIDENT OR INJURY
The plaintiff contends that the WCJ erred in finding that he failed to prove a work-related accident or injury. He claims that this finding was based upon the erroneous conclusions that he failed to notify his employer of the accident and injury, that he failed to inform his treating physician that this complaint was work-related, and that he failed to prove exactly when he was injured. The plaintiff asserts that although he did not immediately inform his employer, he did make a contemporaneous complaint to a co-worker. He argues that the failure to immediately notify his employer is not fatal to his claim. The plaintiff further contends that he did inform his treating physician's staff that his complaint was work-related, but also maintains that he was not required to inform the doctor of this fact. The plaintiff urges that, although he could not point to the precise moment of his injury, he did put the injury within a particular time frame. He contends that these factors are sufficient to prove his claim that he was unable to work for 41 weeks as a result of a work-related accident or injury and that he is entitled to weekly benefits and medical expenses. These arguments are without merit.
The plaintiff had the burden of proving a work-related accident or injury by a preponderance of the evidence. The record shows that the plaintiff presented contradictory information which justifiably led the WCJ to make the factual determination that the plaintiff had not carried his burden of proof. While a plaintiffs claim may not necessarily be defeated by failure to notify an employer immediately of an accident, the acts of informing the employer, co-workers, family and friends, as well as medical personnel, are factors that corroborate the plaintiffs allegations that a work-related accident or injury has occurred. In the present case, such corroboration is notably absent. The plaintiff first alleged in his disputed claim for compensation that he was injured August 12, 1998, while loading skids. He later testified that in fact there was no sudden, precipitating event, but rather a gradual increase in pain in his arm. The plaintiffs claim of a contemporaneous complaint of an injury to a co-worker, Steve Grant, was not entirely corroborated by Mr. Grant's statement. Further, the plaintiffs testimony was inconsistent as to when he made a complaint of arm pain to Mr. Grant.
Steve Grant gave a statement which was filed into evidence, stating that the plaintiff last worked on August 17, 1998, and did not return to work on the following Tuesday. Mr. Grant said that he and the plaintiff had been hauling skids for a couple of weeks and the plaintiff complained that his arm was hurting. Mr. Grant was not aware of any injury prior to the plaintiff's complaint of pain on August 17, 1998. According to Mr. Grant, the plaintiff indicated that the arm had hurt before and that it was a ligament or a tendon.
Further, when the plaintiff decided to take off work to seek medical treatment, he was specifically asked by office personnel at the defendant company whether an accident report should be filled out. The plaintiff stated that he had not had an accident. On August 17, 1998, the plaintiff signed a statement asserting that he had not sustained a work-related accident or injury. Even though the plaintiff insists that he told Dr. Abraham's office staff that he was injured on the job, the medical records do not contain such information.
*533 Dr. Abraham saw the plaintiff only once, on August 19, 1998. The plaintiff did not give the doctor a history of having been injured at work. The doctor stated that frequently patients have been injured at work or in motor vehicle accidents and that it is important to chart that history when it is given. According to Dr. Abraham, because the chart contains no reference to a job-related injury, it was fair to assume that the plaintiff did not convey that information. The plaintiff also did not tell Dr. Abraham that he had a past history of elbow pain in the arm.
Dr. Abraham's examination revealed a limited range of motion, but no redness or swelling. The physician opined that the plaintiff simply had bursitis. He gave the plaintiff some nonsteroidal anti-inflammatory drugs and noted that if the plaintiff's symptoms did not improve, an orthopedic referral would be necessary.
The plaintiff did not return to Dr. Abraham. On September 28, 1998, he went to Dr. Brian Bulloch, an orthopedic surgeon. The plaintiff claimed that he injured his arm at work. The plaintiff was not sure how long the arm had been hurting. He indicated that it could have been from three weeks to two months. He was originally diagnosed with a muscle or tendon strain of the distal biceps and recommended physical therapy. On November 19, 1998, Dr. Bulloch saw the plaintiff and determined that an MRI was necessary. Following this test, on February 3, 1999, Dr. Bulloch concluded that the plaintiff had a distal biceps tendon injury and recommended physical therapy. On that date, Dr. Bulloch released the plaintiff to light duty work.
Even though the plaintiff asserts through his own testimony that he sustained a work-related accident or injury, there is evidence which discredits and casts doubt on the plaintiff's version of events. The plaintiff's claims are not corroborated by circumstances such as medical evidence and testimony of co-workers. The plaintiff's claim is internally inconsistent. The record does not show that the plaintiff suffered an unforeseen actual identifiable event happening suddenly or violently which produced objective findings of an injury that was more than a gradual deterioration or progressive degeneration. Also, the plaintiff did not demonstrate that he had a weakened condition which collapsed due to a precipitating event. Based upon the facts presented, the WCJ was reasonable in finding that the plaintiff failed to prove a work-related accident or injury. Therefore, we find that the WCJ was not manifestly erroneous or clearly wrong in concluding that the plaintiff failed to carry his burden of proof in this matter.

CONCLUSION
For the reasons stated above, we affirm the judgment of the WCJ, dismissing the claims of the plaintiff, Michael Buxton, for workers' compensation benefits and medical expenses. Costs are assessed to the plaintiff.
AFFIRMED.