JgPEATROSS, J.
This appeal arises from the decision of the Worker’s Compensation Judge (“WCJ”) finding that Plaintiff, Donald Teer, was not entitled to disability benefits from Defendant, Alt Transportation # 5006, a/k/a Ark La Tex Timber Co., Inc. It is from this finding that Plaintiff appeals. For the reasons stated herein, we affirm.
FACTS
On November 27, 2000, Plaintiff, Donald Teer, alleged that he sustained a head and neck injury in an automobile accident while in the course and scope of his employment with Defendant. No medical evidence was offered at trial; however, the parties stipulated that Plaintiff was injured and that his doctor, if called to testify, would relate the injuries to the November 27, 2000 accident. It was further stipulated, however, that Plaintiffs doctor was not given the history of a prior alleged accident.
*441 Charles Evans, a former employee of Defendant, testified at trial that Plaintiff had told him of an accident occurring a couple of weeks prior to November 27, 2000, and that he (Plaintiff) was going to file a worker’s compensation claim and assert that the injuries arose from the work-related accident. Mr. Evans further testified that he had seen Plaintiff limping prior to November 27, 2000. A friend of Plaintiff named Richard Permenter, however, testified that he saw Plaintiff three to four times per week and never noticed Plaintiff limping before November 27, 2000.
Gordon Drew Pesnell, Plaintiffs supervisor, testified that Plaintiff, shortly after the November 27, 2000 accident, stated that he did not need |smedical attention. John Russo, a co-owner of Defendant, testified that he met with Plaintiff shortly after the November 27, 2000 accident and Plaintiff asked if Defendant had any available work; however, Plaintiff did not inform him that he had been injured or had been to the doctor.[1]
Plaintiff testified that, as a result of the November 27, 2000 accident, he injured his neck, suffered headaches and was unable to return to work. He further testified that he did not have an accident prior to November 27, 2000, and he denied telling Mr. Evans that he had had an accident prior to November 27, 2000.
The trial court denied Plaintiffs claim for disability benefits, finding that Plaintiffs head and neck injuries were not caused by the November 27, 2000 accident and that Plaintiff did not prove that he was unable to work. The WCJ found Mr. Evans to be credible and stated in her reasons for judgment that her decision was based on the credibility of the witnesses.
On appeal, Plaintiff raises the following assignments of error:
1. The trial court did not apply the proper burden of proof to the testimony of Mr. Evans; and
2. The trial court erred in finding that Plaintiffs injuries were not caused by the November 27, 2000 accident.
DISCUSSION
Factual findings in workers’ compensation cases are subject to the manifest error/clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Nolan v. Raids Farming Company, 35,086 (La. App.2d Cir.10/31/01), 801 So.2d 524, |4writ denied 02-0001 (La.3/15/02), 811 So.2d 910; Corley v. Wal-Mart Stores, Inc., 31,917 (La.App.2d Cir.5/07/99), 737 So.2d 204, writ denied, 99-2002 (La.10/15/99), 748 So.2d 1151. In applying this standard, the appellate court must not determine whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993); Nolan, supra. If the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if it would have weighed the evidence differently as the trier of fact. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/01/97), 696 So.2d 551; Nolan, supra.
In a workers’ compensation action, the plaintiff bears the burden of establishing a causal connection between the disability and the accident by a reasonable *442 preponderance of the evidence. Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303; Burroughs v. LCR-M, 34,082 (La.App.2d Cir.3/2/01), 781 So.2d 877. The injured employee’s testimony alone may be enough to meet the burden of proof as long as no other evidence contradicts the employee’s version of the accident and the testimony is corroborated by circumstances following the alleged incident. Burroughs, supra. If, however, there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Buxton v. Sunland Construction, 34,995 (La.App.2d Cir.8/22/01), 793 So.2d 526.
| ^Plaintiff first argues that the trial court did not apply the proper burden of proof to the testimony of Mr. Evans. We find this argument to be without merit. As stated above, Plaintiff had the burden of proving, by a preponderance of the evidence, that he suffered a work-related injury and was disabled as a result thereof. Contrary to Plaintiff’s argument, the testimony of Mr. Evans cast doubt upon the credibility of Plaintiff; and the WCJ, in her reasons for judgment, stated that she was making a decision based on the credibility of the witnesses.
On appeal, however, Plaintiff contends that Mr. Evans was not credible and that his testimony was impeached; therefore, the trial court erred in finding him credible. Mr. Evans testified that he quit his job with Defendant, but Mr. Pesnell testified that Mr. Evans was “laid off.” As stated previously, however, the court of appeal may not reverse, absent manifest error, even if it would have weighed the evidence differently as the trier of fact. Buxton, supra. When findings of fact are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the factfinder’s conclusions because variations in demeanor and tone of voice bear heavily on the listener’s understanding and belief in what is said. Stobart v. State, Through Department of Transportation & Development, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989). Notwithstanding the aforementioned discrepancy concerning Mr. Evans, the trial court found him to be credible and we conclude that it was not manifestly erroneous in so finding.
[7]|6Plaintiff next argues that the trial court erred in finding that his disabling injuries were not caused by the November 27, 2000 accident. The parties stipulated that Plaintiff was involved in an accident while in the course and scope of his employment and that his doctor, if called to testify, would relate the head and neck injuries to the November 27, 2000 accident. Plaintiff testified that he was disabled and unable to work as a result of the November 27, 2000 accident, but offered no evidence to corroborate the alleged disability. Although it is undisputed that Plaintiff was injured in the November 27 accident, there was no medical evidence or any other corroborating facts to indicate that Plaintiff was disabled as a result of that accident.
To the contrary, Mr. Pesnell testified that Plaintiff told him shortly after the November 27, 2000 accident that he did not need medical attention. Mr. Russo testified that he conversed with Plaintiff shortly after the accident and that Plaintiff made no indication that he had been injured and asked him if Defendant had any “available work.” In addition, Mr. Evans testified that Plaintiff admitted to being injured in a prior accident that was not work-related.
We find, therefore, that the trial court was not manifestly erroneous in finding *443 that Plaintiff failed to prove a causal connection between the November 27, 2000 accident and his alleged disability.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court denying disability benefits to Plaintiff, Donald Teer, is affirmed. Costs are assessed to Plaintiff, Donald Teer.
AFFIRMED.

. Plaintiff was not working after the accident because the work truck that he drove was being repaired as a result of the accident.