TERRI F. LOVE, Judge.
 

 | jPIaintiff/Appellant, Stephanie Harrell, appeals a judgment from the Office of Workers’ Compensation that found in favor of St. Margaret’s Daughter’s Nursing Home. We find that Ms. Harrell failed to demonstrate any causal connection between the alleged work-related accident
 
 *943
 
 and her injury. We further find that the medical records and testimony presented at trial do not support Ms. Harrell’s claim that she sustained medical injuries as a result of a work-related accident. Therefore, we find that the workers’ compensation judge did not err in finding that Ms. Harrell did not carry her burden of proof that she suffered a work-related accident within the course and scope of her employment and affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Plaintiff/Appellant, Stephanie Harrell, was employed by Defendant/Appellee, St. Margaret’s Daughter’s Nursing Home, as a Licensed Practical Nurse. Ms. Harrell alleges that she sustained an injury in the course and scope of her employment. On June 8, 2002, while assisting Patricia Smith, a | ?nursing assistant, with moving a patient, Ms. Harrell alleges that she injured her back and suffered a bulging disc. Ms. Harrell maintains that as a result of the accident, she is currently disabled and unable to work. She applied for workers’ compensation from her employer and was denied benefits. Subsequently, Ms. Harrell filed suit against St. Margaret’s for workers’ compensation benefits, attorney’s fees, and penalties. The workers’ compensation judge ruled in favor of St. Margaret’s.
 

 In the instant matter Ms. Harrell asserts that the workers’ compensation judge committed manifest error by denying her workers’ compensation benefits.
 

 STANDARD OF REVIEW
 

 Workers’ compensation benefits are available for claimants who suffer personal injury by an accident arising out of and in the course of employment. La. R.S. 23:1031(A). “Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.”
 
 Banks v. Indus. Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.07/01/97), 696 So.2d 551, 556.
 

 To recover, the employee must establish a causal link between the work-related accident and his injury.
 
 Albert v. Trans-Met, Inc.,
 
 38,261 (La.App. 2 Cir. 06/23/04), 877 So.2d 183, 187-88;
 
 Qualls v. Stone Container Corp.,
 
 29,794, p. 5 (La.App. 2 Cir. 09/24/97), 699 So.2d 1137, 1151. The claimant is not necessarily required to establish the exact cause of his disability or injury; however, the claimant must demonstrate by a preponderance of the evidence that the accident had a causal connection with it.
 
 Buxton v. Sunland Constr.,
 
 34,995, pp. 5-6 (La.App. 2 Cir. 08/22/01), 793 So.2d 526, 531. “If the evidence is evenly balanced or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation or conjecture, then the claimant fails to Ucarry the burden of proof.”
 
 Lubom v. L.J. Earnest, Inc.,
 
 579 So.2d 1174, 1179 (La.App. 2 Cir.1991).
 

 The Louisiana Supreme Court stated that:
 

 [t]he trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.
 

 Bruno v. Harbert Intern. Inc.,
 
 593 So.2d 357, 361 (La.1992). Where a “factfinder’s finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.”
 
 Salvant v. State,
 
 05-2126, p. 5 (La.7/6/06), 935 So.2d 646, 650.
 

 BURDEN OF PROOF
 

 Ms. Harrell avers that the workers’ compensation judge committed manifest
 
 *944
 
 error in finding that she failed to carry her burden of proof that the injury complained of was due to the alleged work accident.
 

 “[T]he plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence.”
 
 Bruno,
 
 593 So.2d at 361. The worker’s testimony alone can be sufficient to meet his burden of proof if two elements are satisfied: “(1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.”
 
 Id.
 

 “Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends.”
 
 Id.
 
 “In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness’ uncontradicted testimony, although the witness is a party, absent ‘circumstances casting suspicion on the reliability of this testimony.’”
 
 Id., quoting West v. Bayou Vista Manor, Inc.,
 
 371 So.2d 1146, 1147 (La.1979).
 

 The instant claim arose out of an incident that Ms. Harrell alleges occurred during the course and scope of her employment. Ms. Harrell testified that on June 8, 2002, while lifting a patient at St. Margaret’s, she injured herself, which caused pain in her lower back and legs. Although Ms. Harrell alleges that she experienced severe and immediate pain, including pain lasting for the remainder of her shift, she did not inform the nursing assistant, her employer, or anyone else of the alleged injurious accident.
 

 Ms. Harrell testified that she later discovered that her injury was a bulging disc.
 
 [1]
 
 She continued to work for St. Margaret’s until June 25, 2002. She alleges that she continued to have back pain throughout this time and that she developed an additional symptom of burning in her legs by June 25, 2002.
 

 Dr. Ira Markowitz, Ms. Harrell’s primary physician in the months following her alleged accident, testified that Ms. Harrell did not report a job accident nor did she complain of back pain when he first saw her on June 25, 2002.
 

 In July 2002, Ms. Harrell was admitted to the hospital by Dr. Markowitz. While in the hospital, she was examined by several physicians. Dr. Donald Faust saw Ms. Harrell on the day of her admittance and reported in her patient history: “43-year old female with left leg swelling about the knee for several weeks. She recalls no injury.” On the same day, Ms. Harrell was seen by Drs. Kinnett and Pinner. Dr. Kinnett reported that Ms. Harrell had “no injury.” Dr. Pinner reported that Ms. Harrell described striking her left leg on her son’s bed months prior and reported “no other trauma.”
 

 IsWhile hospitalized, Ms. Harrell was also examined by Dr. Alfarez. Dr. Alfarez reported that Ms. Harrell “does not remember any previous trauma, other than striking ant. tibial area on leg on son’s bed months ago.”
 

 Dr. Markowitz admitted Ms. Harrell to the hospital again in August 9, 2002. While in the hospital Ms. Harrell was seen by an orthopedic surgeon, Dr. Richard Meyer. Dr. Meyer confirmed in his deposition that he asked Ms. Harrell about any trauma or injury that she may have experienced, and she denied that her complaints were related to trauma or injury.
 

 
 *945
 
 A request for a physician-consult on Ms. Harrell was made by Dr. Markowitz, and Ms. Harrell was seen by Dr. Meyer in August 2002. Dr. Meyer asked Ms. Harrell if her symptoms were caused by an injury and she said no. Dr. Meyer further testified that Ms. Harrell stated that her symptoms began in May 2002, the month before her alleged work accident. Ms. Harrell was seen again by Dr. Meyer in September 2002. During this visit, Ms. Harrell reiterated that she had been having back pain since May 2002, and told Dr. Meyer that she hit her left leg on a bed at home. Ms. Harrell did not report her alleged job accident to Dr. Meyer.
 

 Dr. Meyer saw Ms. Harrell again in October 2002, and she did not mention her alleged work-related accident. On October 28, 2002, Dr. Markowitz noted that Ms. Harrell lost private health insurance coverage. He testified that as a result, it was difficult to obtain orthopedic treatment for Ms. Harrell. Dr. Markowitz testified that in November 2002, he saw Ms. Harrell and she asked him to change his medical records to reflect that her injury was related to an accident that occurred in June 2002. Dr. Markowitz reported the following:
 

 Seen in the office today and asked me to fill out papers about problems that have to do with insurance. She states that she wants me to say that her original injury was from trauma. Unfortunately, that is | r,not documented anywhere in the chart be-eause she never told me. She didn’t tell any of the consultants that and, frankly, as her entire hospitalization was such an enigma, that has been asked of her 20-30 times.
 

 Dr. Meyer testified that in September 2004, Ms. Harrell asked him change his records to reflect that her injury arose from a work-related accident.
 

 Ms. Harrell contends that she reported her alleged job accident to all of the doctors and maintains that they failed to record her history. The trial court, however, did not find this contention credible in light of the physicians’ testimony and reports. We find no error in the workers’ compensation judge’s finding.
 

 WORK RELATED ACCIDENT
 

 Ms. Harrell argues that the workers’ compensation court erred in finding that she failed to meet the burden of proof regarding the occurrence of an accident. The workers’ compensation court focused in part on Ms. Harrell’s failure to timely report the alleged accident.
 

 La. R.S. 23:1031 provides that, as a threshold requirement, a worker in a compensation action must establish “personal injury by accident arising out of and in the course and scope of his employment.” In
 
 Lucas v. Ins. Co. of N. America,
 
 342 So.2d 591, 596 (La.1977), the Louisiana Supreme Court stated the principle of presumption as to causal connection between accident and injury as follows:
 

 A claimant’s disability is presumed to have resulted from an accident the injured was in good health, but commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves after-wards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
 

 Despite Ms. Harrell’s alleged continual worsening symptoms, she did not report a job injury to St. Margaret’s at any time between the date of the alleged accident and her last date of employment. Further, Ms. Harrell took a medical 17leave of absence due to problems with her legs, but she did not report her alleged job injury to St. Margaret’s. She testified that she did not report the alleged accident to St. Margaret’s until October 2002, four months after her last date of employment.
 

 
 *946
 
 Velma Harrell, Ms. Harrell’s mother, testified that Ms. Harrell telephoned regarding an accident she had on the job. Velma Harrell stated that she went to visit her daughter and found her lying on the couch with a heating pad on her back and crying from pain. Further, Velma Harrell testified that Ms. Harrell said that she injured her back while assisting someone with a patient.
 

 Conflicting evidence was presented in this matter on the issue of whether a work-related accident occurred. The trial court resolved this conflict in defendant’s favor. We find that the trial court was not clearly wrong in finding that plaintiff failed to prove by a preponderance of the evidence that she sustained a work-related accident. We therefore affirm the decision of the trial court.
 

 DECREE
 

 For the reasons assigned, the judgment of the workers’ compensation court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . An MRI showed a bulging disc in July 2002, and Dr. Markowitz's notes from October 22, 2002, indicate a “history of having a disc problem,” but the record is unclear as to the exact date Ms. Harrell learned of the disc problem.